THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT W. MORGAN, Defendant-Appellant.

Fourth District   No. 4—85—0189

Opinion filed October 28, 1985.

100

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman and Linda Welge, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On February 7, 1985, following a stipulated bench trial in the circuit court of Champaign County, defendant, Robert W. Morgan, was convicted of the offense of unlawful possession of cannabis. He was subsequently sentenced to a term of one year's conditional discharge with the condition that he serve one day's imprisonment with credit for time served. Defendant has appealed, contending that the court erred in denying his motion to suppress evidence of the cannabis which had been taken from him by the police officer who arrested him. We agree and reverse.

Defendant contends that (1) his initial encounter with the officer amounted to an unreasonable seizure by the officer, and (2) the subsequent frisk of defendant by the officer was unreasonable. We need not discuss defendant's first contention, because we agree with defendant that the trial court's determination that the frisk was proper was contrary to the manifest weight of the evidence.

The evidence at the hearing on the motion to suppress consisted of the testimony of the arresting officer. He testified that on November 22, 1984, at 6:23 p.m., Thanksgiving Day, he was in a residential area of Champaign which was occupied primarily by college students who were likely to have then been away on vacation. The officer knew that the area had a high incidence of burglaries when the students

were on vacation, and the Champaign police department was placing close scrutiny on the area. The officer testified that he saw defendant proceeding eastbound from First Street on a sidewalk on Healey Street. The officer said that the defendant was wearing "dirty Levi's" and a "black leather jacket" and had "extremely long, kind of unkempt dirty hair." The officer testified that he stopped the defendant because of the foregoing circumstances and because the defendant appeared to be "wandering through."

The officer asked defendant for identification and was given two forms of identification. According to the officer, the defendant informed him that he lived in southeast Urbana and was on his way home. The officer agreed that defendant's walking east on Healey Street was consistent with his stated purpose of walking to southeast Urbana.

Crucial to our decision is the testimony of the officer as to the next sequence of events. The officer testified that as he returned the identification cards to defendant, he noticed a bulge of approximately six to eight inches in length in the front of defendant's jacket. The officer testified that he told defendant, "Sir, you can go ahead and go now, but I must advise you that I can see that you have something underneath your jacket and is there something you would like to tell me about or is this something here we ought to know." He said that the defendant took one step backward and said, "That's nothing illegal." According to the officer, he then told defendant to place his hands on the car so that he could check for himself, and he began to conduct a pat-down search in which he felt a "large bulge" under defendant's heavy leather jacket. The officer contended that the bulging object felt like a hard, cylindrical object, which he feared might be a weapon. However, when the officer unzipped defendant's coat and pulled out the object, it turned out to be a bag of what appeared to be, and was later found to be, cannabis. This was the object upon which the charges were based and for which suppression was sought.

Under the doctrine of *Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868, when, as contended by the State here, a valid stop has been made, an officer is permitted to conduct a limited search for weapons only where he reasonably suspects that he or another is in danger of attack. Section 108—1.01 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 108—1.01) is in conformity with *Terry* and specifically authorizes peace officers to make such a limited search under those circumstances.

■ Here, no grounds existed which would justify the officer's belief that he was likely to be attacked by defendant. It is difficult to

see how a bag of cannabis could produce a bulge in defendant's coat which would resemble a weapon. In any event, the officer had told defendant that he could leave, and there was no indication that defendant was likely to attack the officer before doing so. The case differs from *People v. McGowan* (1977), 69 Ill. 2d 73, 370 N.E.2d 537, which the supreme court described as a close case. There, the defendant and a companion, wearing dark clothing, were seen by police officers in the early morning hours. They were in a commercial area that was then deserted of people, with the only open place being a tavern about to close. The area had been plagued by burglaries. The officers stopped the men and frisked them as the questioning started rather than, as here, after the officer had finished questioning the person stopped and was in the process of telling him that he could leave. The case also differs from *People v. Staples* (1971), 1 Ill. App. 3d 922, 275 N.E.2d 259, where a person stopped by officers appeared very nervous and appeared to be reaching into his coat.

■ While the erroneous failure to suppress evidence usually requires only a reversal and remandment for a new trial, here, the required suppression of the cannabis and the evidence of its taking from defendant would destroy any opportunity for the State to prevail on a new trial. Accordingly, we reverse the conviction and sentence but make no order for remandment.

Reversed.

WEBBER and MORTHLAND, JJ., concur.